UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN MCELROY, | No. 2:17-cv-1042 AC P |
| Plaintiff, | |
| v. | ORDER |
| WARDEN, CHCF, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed a motion for an extension of time to file an application to proceed in forma pauperis (ECF No. 10) and has requested the appointment of counsel (ECF No. 9).

Plaintiff seeks an additional thirty days to file an application to proceed in forma pauperis. ECF No. 10. The application is currently due July 21, 2017. It appears that plaintiff is requesting additional time in order to obtain a certified trust statement. Id. Plaintiff is advised that he is not required to provide a copy of his trust account statement or to have the certificate signed by an officer. The court recently began using a new form that allows prison officials to send a trust account statement directly to the court as long as plaintiff signs the application. The Clerk of the Court will be directed to send plaintiff another application. Upon receiving the application, plaintiff need only fill out and sign the application before returning it. The court will request a trust account statement from the prison once the application is received. Good cause appearing,

plaintiff's motion for an extension of time will be granted to allow him to complete and return the form.

Plaintiff has also requested the appointment of counsel. ECF No. 9. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In this case, plaintiff has not yet established that he is indigent and the court has yet to screen the complaint, so it is not clear whether he has any likelihood of success on the merits at this stage. Additionally, plaintiff requests appointment of counsel on the grounds that he is uneducated, lacks legal knowledge, has various health and mental health problems, and is limited by his incarceration. ECF No. 9. These circumstances are common to most prisoners and do not constitute exceptional circumstances. Accordingly, plaintiff's request for the appointment of counsel will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 10) is granted and plaintiff shall have thirty days from the date of this order in which to file an application to proceed in forma pauperis.

////

////

2

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

3. Plaintiff's request for the appointment of counsel (ECF No. 9) is denied.

DATED: July 13, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE