UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY, AKA E. J. McELROY,<br><br>    Plaintiff,<br><br>v.<br><br>C.H.C.F. WARDEN, et al.,<br><br>    Defendants. | No. 2:17-cv-1042 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.      Introduction

Plaintiff is a state prisoner currently incarcerated at the R.J. Donovan Correctional Facility (RJDCF) in San Diego. Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, challenging the conditions of his prior confinement at the California Health Care Facility (CHCF) in Stockton. Plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. He has also filed numerous requests for this court's intervention.

For the reasons set forth below, the undersigned denies plaintiff's requests for court intervention and directs the Clerk of Court to randomly assign a District Judge to this action for consideration of the undersigned's recommendations that plaintiff's application to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g), and that plaintiff be permitted to proceed in this action only if he pays the full filing fee.

////

1

II.     Plaintiff is a "Three-Strikes Litigant" Under 28 U.S.C. § 1915(g)

   A.     Background

Under 28 U.S.C. § 1915, a federal court may authorize commencement and prosecution of a suit without prepayment of fees by a person who submits an affidavit demonstrating that he or she is unable to pay such fees. However, under 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Court records indicate that plaintiff has previously been designated a "Three Strikes" litigant under 28 U.S.C. § 1915(g). See McElroy v. Turner, et al., Case No. 2:12-cv-1182 CMK (E.D. Cal. June 28, 2012) (order finding plaintiff had three prior strikes (ECF No. 6));[1] see also McElroy v. Asad et al., 2:15-cv-0904 JAM EFB P (E.D. Cal. Sept. 24, 2015) (order finding plaintiff had four prior strikes (ECF No. 12));[2] accord, McElroy v. Staily et al., Court of Appeals Case No. 10-15388 (9th Cir. May 20, 2010) (denying plaintiff in forma pauperis status pursuant to 28 U.S.C. § 1915(g)) (re. Case No. 1:07-cv-1747 SMS (E.D. Cal.)). This court takes judicial notice of these cases and the cases on which they relied.[3] The undersigned has reviewed each of the cited cases, see fns. 1 & 2, supra, and independently finds that each was dismissed for

---

[1] The court in McElroy v. Turner, et al., Case No. 2:12-cv-1182 CMK (E.D. Cal. June 28, 2012) identified the following three prior strikes: McElory v. Gebbmedin, et al., Case No. 1:08-cv-0124 LJO GSA (E.D. Cal. Dec. 11, 2008) (dismissed for failure to state a claim); McElroy v. Schultz, et al., Case No. 1:08-cv-0179 OWW MJS (E.D. Cal. Apr. 30, 2010) (dismissed for failure to state a claim); and McElory v. CDCR, Case No. 2:08-cv-0733 HWG (E.D. Cal. June 3, 2009) (dismissed for failure to state a claim).

[2] Together with the cases cited in McElroy v. Turner, et al., Case No. 2:12-cv-1182 CMK (E.D. Cal. June 28, 2012), see n.1, supra, the court in McElroy v. Asad et al., 2:15-cv-0904 JAM EFB P (E.D. Cal. Sept. 24, 2015) identified the following additional prior strike: McElroy v. Ground, Case No. 1:13-cv-483 MJS (E.D. Cal. Nov. 1, 2013) (dismissed for failure to state a claim).

[3] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

failure to state a claim, prior to the filing of the instant action, and together support plaintiff's designation as a "three-strikes litigant" under 28 U.S.C. § 1915(g) in this case.

B. The Allegations of the Complaint Do Not Support an Exception

As a "three-strikes litigant," plaintiff is precluded from proceeding in forma pauperis in this action unless he was "under imminent danger of serious physical injury" at the time he filed his complaint. See 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The danger must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and ongoing, Andrews, 493 F.3d at1056. Allegations that are overly speculative or fanciful may be rejected. Id. at 1057 n.11. Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception. . . . Instead, the exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing." Id. at 1055.

The instant complaint challenges numerous aspects of plaintiff's medical care at CHCF. He alleges that he is a qualified individual with disabilities under the Americans with Disabilities Act, and identifies numerous impairments, including chronic pain, poor vision, poor breathing, and allergies. He alleges that he has difficulty walking and requires use of a wheelchair and other assistive devices, e.g., back and leg straightening braces. The complaint alleges that plaintiff has had numerous institutional transfers, including to CHCF in January 2017, resulting in a lack of consistency in his health care, medications and nutrition; that his efforts to pursue these matters administratively have been futile; that his grievances and legal papers are not returned, depriving him of "proof" of his prescriptions and "core terminology;" and that medical personnel have informed him that there is no more they can provide him.

The complaint is generally difficult to understand, alleging for example:

> This current claim pitchfully [sic] & factually questions their applicability of faith and immunity siamese [sic] to equal protections and liabilities albeit, the harm caused is in infringement of the constitutional rights/8th Amendment[.]

ECF No. 1 at 9.

////

Plaintiff also alleges, in a putative Claim II, that he must "be made secure in maintaining his espiriting exercise & enjoyment in his legal papers, person, heirloom proprietorship, constituents, in/tangibles, effect & things especial to privacy, association & familial ties," seeking "accessibility to telephonic & locale contact with his love one's." Id. at 14.

Plaintiff's wide-ranging allegations fail to demonstrate how plaintiff may have been "under imminent danger of serious physical injury" when he filed his complaint. This assessment is underscored by the fact that plaintiff was transferred to CHCF in January 2017, but did not file his complaint until May 2017, without identifying a new or ongoing risk of injury.

For these reasons, the undersigned finds that the imminent danger exception under Section 1915(g) does not apply to this action. As a result, plaintiff's application to proceed in forma pauperis should be denied, and plaintiff should be permitted to proceed in this action only if he pays the full filing fee.

### III. Motions for Court Intervention

Plaintiff has filed three motions for court intervention concerning his conditions of confinement at CHCF. See ECF Nos. 4-6. These motions were rendered moot when plaintiff was transferred to RJDCF in July 2017. See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001).

Following his transfer to RJDCF, plaintiff filed a motion for the court's assistance in obtaining access to his legal property, among other things. See ECF No. 15. The motion is largely unintelligible. Moreover, this motion is premature -- plaintiff is under no present obligation to submit legal documents in this case, and will not be required to do so until he submits the full filing fee and obtains the court's screening of his complaint pursuant to 28 U.S.C. § 1915A.

### IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for court intervention are denied as moot (ECF Nos. 4-6), and as premature (ECF No. 15); and

2. The Clerk of Court is directed to randomly assign a district judge to this action.

////

4

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis be denied under 28 U.S.C. § 1915(g).

2. Plaintiff be accorded fourteen (14) days after the district judge adopts these findings and recommendations to submit the full filing fee ($400.00) in order to proceed with this action.

3. If plaintiff fails to timely submit the full filing fee, this action should be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: January 2, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE