UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY, AKA E.J. McELROY,<br><br>Plaintiff,<br><br>v.<br><br>C.H.C.F. WARDEN, et al.,<br><br>Defendants. | No. 2:17-cv-1042 MCE AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, requests appointment of counsel. Plaintiff states that he is chronically ill and has recently suffered the flu and does not have the capacity to focus on and investigate the important issues in this case. See ECF No. 17.

Only in exceptional circumstances, may the district court request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990); see also Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989) (the Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986);

1

Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances.

In the present case, the court does not find the required exceptional circumstances at this time for the following reasons: (1) currently pending is the undersigned's recommendation that plaintiff's request to proceed in forma pauperis be denied in this case, based on his status as a "three strikes litigant" under 28 U.S.C. 1915(g), see ECF No. 16; and (2) should the district judge adopt the undersigned's recommendation, then this action will proceed only if plaintiff pays the full filing fee.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel, ECF No. 17, is denied without prejudice.

DATED: February 8, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE